**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GOORIN BROS, INC., | |
| Plaintiff, | |
| v. | **Case No.: 1:23-cv-05647** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | Judge Jeffrey I. Cummings <br><br> Magistrate Judge Heather K. McShain |
| Defendants. | |

## <u>PLAINTIFF'S MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER</u>

Pursuant to the Court's Order of November 16, 2023 (Dkt. 23), Plaintiff GOORIN BROS., INC. ("Plaintiff" or "GOORIN BROS.") hereby submits the following Memorandum establishing that joinder of the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on the Schedule A to the Complaint (collectively, "Defendants") is proper under Federal Rule of Civil Procedure 20(a)(2).

### <u>Introduction</u>

This action has been filed by Plaintiff to combat e-commerce stores who trade upon Plaintiff's reputation and goodwill by, among other things, selling unauthorized and unlicensed products by infringing upon Plaintiff's trademarks, which are covered by at least U.S. Trademark Registration Nos. 3338516, 3825020, 3825023, 3825024, 5479732, 3293390, 3293389, 3293391, and 3293392 (collectively, the "GOORIN BROS. Trademarks") and Plaintiff's copyrights, which are covered by at least U.S. Copyright Office Registration Nos. VA 2-012-751, VA 2-191-408, VA 2-012-524, VA 2-192-866, VA 2-192-815, VA 2-192-861, VA 2-012-525, VA 2-012-747,

VA 2-192-778, VA 2-192-730, VA 2-192-732, VA 2-192-729, VA 2-192-846, VA 2-192-752,

VA 2-255-931, VA 2-192-745, VA 2-012-716, VA 2-012-660, VA 2-192-850, VA 2-012-663,

VA 2-186-472, VA 2-187-971, VA 2-012-749, VA 2-192-852, VA 2-192-855, VA 2-192-762,

VA 2-186-476, VA 2-192-825, VA 2-265-492, VA 2-255-987, VA 2-265-493, VA 2-265-312,

VA 2-264-229, VA 2-250-289, VA 2-244-690, VA 2-193- 876, VA 2-255-926, VA 2-249-021,

VA 2-264-537, VA 2-244-693, VA 2-264-236, VA 2-255-934, VA 2-255-985, VA 2-245-560,

VA 2-255-924, VA 2-250-317, VA 2-265-284, VA 2-255-984, VA 2-252-031, VA 2-255-937,

VA 2-248-829, VA 2-255-986, VA 2-249-023, VA 2-244-692, VA 2-255-909, VA 2-247-836,

VA 2-237-012, VA 2-250-291, VA 2-240-504, VA 2-244-689, VA 2-255-935, VA 2-255-943,

VA 2-249-026, VA 2-255-939, VA 2-237-003, VA 2-255-933, VA 2-240-511, VA 2-250-314,

VA 2-250-367, VA 2-252-029, VA 2-250-014, VA 2-240-506, VA 2-249-022, VA 2-237-013,

VA 2-250-377, VA 2-255-906, VA 2-250-018, VA 2-240-508, VA 2-255-989, VA 2-252-034,

VA 2-250-292, VA 2-250-365, VA 2-255-905, VA 2-250-019, VA 2-250-012, VA 2-247-838,

VA 2-247-837, VA 2-240-509, VA 2-250-318, VA 2-250-696, VA 2-250-694, VA 2-252-042,

VA 2-249-829, VA 2-250-695, VA 2-250-016, VA 2-249-832, VA 2-240-514, VA 2-249-835,

VA 2-250-380, VA 2-242-449, VA 2-242-448, VA 2-242-450, VA 2-249-836, VA 2-242-451,

VA 2-242-444, VA 2-242-445, VA 2-242-446, VA 2-242-447, VA 2-242-452, VA 2-252-032,

VA 2-242-440, VA 2-294-526, VA 2-294-518, VA 2-294-500, VA 2-012-523, VA 2-012-748,

VA 2-012-657, VA 2-192-832, VA 2-192-767, VA 2-192-792, VA 2-192-800, VA 2-255-929,

VA 2-192-820, and VA 2-012-735 (collectively, the "GOORIN BROS. Copyrights").

Defendants are improperly advertising, marketing and/or selling unauthorized and infringing products (the "Counterfeit Products") by using the GOORIN BROS. Trademarks and GOORIN BROS. Copyrights in their listings on their online marketplace accounts identified in

Schedule A (collectively, the "Defendant Internet Stores"), including but not limited to the platforms Alibaba.com ("Alibaba"), AliExpress.com ("AliExpress"), Amazon.com ("Amazon"), DHgate.com ("Dhgate"), eBay.com ("eBay"), Walmart.com ("Walmart"), and Temu.com ("Temu") (collectively, the "Marketplace Platforms").  They do so as part of a coordinated effort to sell Counterfeit Products.

The Defendants design the Defendant Internet Stores to make them appear to be selling genuine GOORIN BROS. Products, while selling inferior imitations of such products.  *See* Complaint (Dkt. 1) at ¶¶ 6, 37.  The Defendants' online marketplace accounts share unique identifiers, such as use of the same trademarks and copyrighted images and similar descriptions of the Counterfeit Products, that establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* at ¶¶ 40-42. The Defendants attempt to avoid liability by going to great lengths to conceal their identities and the full scope and interworking of their illegal counterfeiting operation and rely on the mass reach afforded by the Internet and the cover afforded by international borders to violate Plaintiff's copyright and trademark rights and exploit U.S. consumers. *Id.* at ¶ 43.

Plaintiff is forced to file this action to combat Defendants' coordinated infringing of its copyrights and trademarks, as well as to protect unknowing U.S. consumers from purchasing Counterfeit Products, as Plaintiff faces a "swarm of attacks" on its intellectual property, and "filing individual causes of action against each counterfeiter ignores the form of harm" that Plaintiff faces. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.) (granting joinder in similar case against anonymous online merchants).

**<u>Legal Standard for Joinder</u>**

Fed. R. Civ. P. 20(a)(2)(A) provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The Supreme Court has explained that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (quoting *United Mine Workers* v. *Gibbs*, 383 U.S. 712, 724 (1966)). The Seventh Circuit has further noted that the purpose of a liberal application of the Rule 20(a) joinder requirement "is to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

In this District, courts evaluating the propriety of joinder consider factors such as whether the alleged conduct occurred during the same general time period and involved similar people and conduct. *Lozada v. City of Chicago*, No. 10-c-1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010). Other Circuits have applied the "logical relationship" test to interpret "same transaction or occurrence" as it appears in Rule 20(a) and found that "all reasonably related claims for relief by or against different parties" can be tried in a single proceeding. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Absolute identity of all events is unnecessary. *Id.*; *see also Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000).

The phrase "transaction or occurrence" is not defined in Rule 20(a) and the Seventh Circuit has not fashioned a definitive standard for determining what constitutes a transaction or occurrence. *See Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (explaining that "no

hard and fast rules have been established" in this context). In that vein, courts have applied the "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] . . . standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *In re EMC Corp.*, 677 F.3d at 1358 (internal quotation omitted); *see also Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (courts should permit joinder when it "will comport with the principles of fundamental fairness.")

Courts in this District have interpreted the terms "transaction" and "occurrence" to have separate meanings—and have found "occurrence" to have a broader meaning than "transaction." *See Bose Corp.*, 334 F.R.D. at 516 (stating that the canons of construction suggested "transactions and occurrences" have separate meanings under Rule 20 and that the dictionary definitions suggest that "occurrence" is broader than "transaction."). The decision in *Bose* is notable as it addresses the propriety of joining numerous online merchants in some detail. In *Bose*, the plaintiff brought claims against a number of anonymous online sellers based mainly out of China for infringing upon Bose's trademarks. *Bose Corp.*, 334 F.R.D. at 512. After receiving Bose's complaint against multiple defendants, Judge Durkin ordered it to file a brief addressing why joinder was proper. *Id.* In his subsequent decision permitting joinder, Judge Durkin acknowledged that while individual counterfeiters may cause distinct injuries, for victims of counterfeiting such as Bose, "it is the injuries in the aggregate—the swarm—that is harmful and from which [plaintiff] seeks shelter." *Bose Corp.*, 334 F.R.D. at 517.

Accordingly, the court held that forcing Plaintiff to file "individual causes of action against each counterfeiter ignores the form of harm it faces . . . , because it is the swarm—the fact that all Defendants are attacking at once—that is the defining aspect of the harm from which [plaintiff]

seeks relief." *Id.* As a result, the court agreed with Bose's argument that it was facing a "swarm" of attacks on its intellectual property from the online merchant defendants which constituted a series of occurrences. Thus, it held that Bose's complaint was sufficiently pleaded to join the defendants under Rule 20. *Id.* at 516-517.

Other courts in this District also have held that joinder of numerous online merchants as defendants is proper when a plaintiff alleges that they have attacked its intellectual property. For instance, in *Pink Floyd*, Judge Valderrama held that the plaintiff had sufficiently demonstrated that the asserted claims—namely, that 231 e-commerce stores had infringed upon Pink Floyd's trademarks—did arise out of the same occurrence or series of occurrences and that, therefore, joinder of the defendants was proper. *Pink Floyd (1987) Limited v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 21-cv-04406, 2021 WL 7179622, at *1 (N.D. Ill. Oct. 21, 2021). The court reached the same conclusion in *Chrome Cherry Limited,* after that plaintiff brought design patent infringement claims against numerous online merchants. *See Chrome Cherry Limited v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 21-cv-05491, 2021 WL 6752296, at *1-2 (N.D. Ill. Oct. 20, 2021). Numerous other judges in this District have permitted joinder in factually similar cases concerning the infringement of a plaintiff's intellectual property by anonymous online merchants as well. [1] *See* Supplemental Declaration of Rossana Baeza ("Supp. Baeza Decl. at ¶ 3 and Ex. 1).

---

[1] *See, e.g., EnchantedMob, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 22-cv-5685, Dkt. No. 21 (Dec. 13. 2022) (minute entry that joinder of "Schedule A" defendants was proper)[1]; *Jodicke v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 22-cv-5106, Dkt. No. 15 (Dec. 13. 2022) (same); *Oakley v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* 20-cv-5972, Dkt. No. 27, at *2 (N.D. Ill. Nov. 9, 2020) (finding joinder of numerous online merchants proper); *Weifang Tengyi Jewelry Trading Co. Ltd. v. ExtraFind*, 18-cv-4651, Dkt. No. 150 (N.D. Ill. Dec. 19, 2018).

**Plaintiff's Well-Pleaded Allegations Satisfy Fed. R. Civ. P. 20(a)(2)(A)**

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Desai v. ADT Sec. Services, Inc.*, No. 11-C-1925, 2011 WL 2837435, at *3 (N.D. Ill. Jul. 18, 2011). A court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must only put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th. Cir. 2009).

Plaintiff's well-pleaded allegations establish that the Defendant Internet Stores are all operating in the same occurrence, or series of occurrences. *See*, *e.g.*, Complaint at ¶¶ 40-42. Defendants are located in China and other foreign jurisdictions, and without any authorization or license from Plaintiff they have knowingly and willfully sold Counterfeit Products into the United States that infringe upon the GOORIN BROS. Trademarks and GOORIN BROS. Copyrights. *Id.* at ¶¶ 15; 49. On personal knowledge and belief, the Defendants' counterfeiting activities appear to share the following commonalities:

a) The listings on Defendants' Internet Stores all infringe upon Plaintiff's GOORIN BROS. Trademarks and GOORIN BROS. Copyrights in the same manner—by using a mark or an image that is identical to the GOORIN BROS. Trademarks and Copyrights in color, orientation, layout, and description—to confuse unknowing consumers into believing they are purchasing genuine GOORIN BROS. Products. A comparison between Plaintiff's genuine products using its GOORIN BROS. Trademarks and Copyrights and a representative sampling of the images used by multiple Defendant Internet Stores below

shows how the Defendants in the Schedule A infringe upon the GOORIN BROS.

Trademarks and GOORIN BROS. Copyrights in the exact same manner, and suggests that

the Defendants are interrelated and/or using images and products from a common source.



*Exemplary Images of Genuine Products Incorporating Plaintiff's Registered GOORIN BROS. Copyrights*

*Compared to*



*Exemplary Images of Defendants' Listings of Counterfeit Products*

Further, as shown by the exemplary images above and the screenshots attached to

Declaration of Ben Goorin ("Goorin Decl.") (Dkt. 14) at Exhibit 2 (Dkt. 15), the

Defendants identified in the Schedule A not only infringe upon the GOORIN BROS.

Trademarks and Copyrights, but also use same descriptions such as "Animal Farm Baseball

Cap," "GOORIN BROS. Truth Seeker Black Hat," and so on, to describe their Counterfeit

Products. The common use of the same phrases to describe the Counterfeit Products further

indicates these Defendants are interrelated. Goorin Decl. ¶ 24. In addition, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores and/or register their domain names and/or user accounts with incomplete information, randomly typed letters, or omitted cities or states (Complaint at ¶¶ 37-38; Goorin Decl. ¶ 23);

b) Defendants regularly create new websites and online marketplace accounts on various platforms to conceal their identities and the full scope and interworking of their counterfeiting operation (Complaint at ¶ 38; Goorin Decl. ¶ 23); and

c) Defendants use unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine GOORIN BROS. Products and/or use similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down (Complaint at ¶ 37; Goorin Decl. ¶ 22).

These allegations indicate that the Defendants are acting in a nearly identical manner and during the same time period to sell Counterfeit Products—collectively in the same "occurrence" of mass harm—and thus show a logical relationship between them that supports joinder. *Bose Corp.*, 334 F.R.D. at 516. Even if not all Defendants are not directly coordinating, Plaintiff alleges that Defendants in this case "take advantage of a set of circumstances—the anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate [Plaintiff's copyrights and trademarks] with impunity." *Id*. "[I]t is plausible that Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they do not engage in direct communication or coordination." *Id*. Defendants are alleged to be counterfeiters, and "want to blend in to cause consumer confusion."

*Id.* at 514. As a result, it is difficult to link together with arbitrary commonalities such myriad clusters of internet stores. Further, Plaintiff does not bear the burden at the pleading stage to demonstrate that each of the Defendant Internet Stores is commonly owned. Such linking efforts are extremely cumbersome and not required by Rule 20 to join multiple Defendant Internet Stores at the pleading stage, especially without adversarial presentation and the opportunity to conduct discovery.

### Plaintiff's Well-Pleaded Allegations Satisfy Fed. R. Civ. P. 20(A)(2)(B)

Plaintiff's well-pleaded allegations also satisfy the second prong of Fed. R. Civ. P. 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." In this case, Defendants, without any authorization or license, have knowingly and willfully used the GOORIN BROS. Trademarks and GOORIN BROS. Copyrights in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet. (Complaint at ¶¶ 15, 48-49). And while some Defendants may later present different factual evidence to support individual legal defenses, these Defendants are likely to raise the same defenses, and the same commonality in questions of law and of fact will arise with regard to all of the Defendants (*e.g.*, whether the images used to sell the Counterfeit Products infringe upon Plaintiff's GOORIN BROS. Trademarks and Copyrights), which precisely supports joinder at this stage in the litigation. *See First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (Castillo, J.) (finding joinder was proper in copyright infringement case against numerous anonymous defendants in part because the legal claims against all defendants were the same).

Thus, for the reasons set forth above, Plaintiff's well-pleaded allegations demonstrate that any question of law or fact common to all Defendants will arise in the action and thus satisfy the requirements of Fed. R. Civ. P. 20(a)(2)(B).

## Joinder Is Consistent with Fairness, Convenience, and Judicial Economy

Joinder in this case is also consistent with fairness to the parties because it promotes convenience and judicial economy. It will protect the interest of the parties in securing a just, speedy, and inexpensive resolution for both Plaintiff and Defendants, will help avoid any unnecessary delays, and will not prejudice any party at this time. On the other hand, severance would be more likely to likely to cause delays and prejudice Plaintiff and Defendants alike. *See First Time Videos, LLC*, 276 F.R.D. at 252-253 (explaining that "severance is more likely to cause delays and prejudice" to all parties, since "delays are likely to occur, and the resources of the courts to be substantially taxed, in the event that Putative Defendants were severed" while the "resulting claims would require its own filing fees, a multiplication of expense that would further inhibit [plaintiff]'s ability to protect its legal rights."). Additionally, the Federal Rules of Civil Procedure only apply to the extent that they affect any party's "substantial rights," and Plaintiff anticipates that Defendants are likely to not appear and will be individually subject to default. Fed. R. Civ. P. 61. As the Court stated in *Bose Corp.*, "[n]o defendants are prejudiced by permitting joinder in this case. To the extent any defendant appears and raises defenses that differentiate it from the swarm, the Court can always sever that defendant's case under Rule 21 . . . ." *Bose Corp.*, 334 F.R.D. at 517; *see also Chrome Cherry Limited*, 2021 WL 6752296, at *1 ("The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture").

The resources of the Court, other judges in this District, and other Districts will be substantially taxed if Plaintiff's claims against Defendants are severed into numerous separate

lawsuits. "Requiring the filing of separate complaints could flood the courts with thousands of additional single defendant [counterfeiting] cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the [relevant intellectual property laws]." *Bose Corp.*, 334 F.R.D. at 517 n.6.

Requiring Plaintiff to file hundreds of lawsuits in cases such as this one also would dramatically impair the ability of Plaintiff—and other trademark or copyright holder victims of widespread and systemic counterfeiting—to effectively protect their intellectual property rights in a cost-effective manner, most particularly in the context of online infringement. *See First Time Videos, LLC*, 276 F.R.D. at 253. Online infringement is a rampant and widespread issue for trademark and copyright holders because, in recent years, marketplace platforms have emphasized opening and marketing their services to sellers located in China[2] seeking to sell directly to U.S. consumers. *See* Supp. Baeza Decl. at ¶ 5 and Ex. 3 (article from Wall Street Journal describing Amazon's recruitment of sellers based in China). In the 2020 fiscal year alone, the U.S. government seized unauthorized goods worth more than $1.3 billion, and China and Hong Kong together accounted for 79 percent of all seizures. (Supp. Baeza Decl. at ¶ 6 and Ex. 4 at 4, 26 (Fiscal Year 2020 Report from U.S. Customers and Border Protection on Intellectual Property Rights Seizures)).

Joinder thus is proper because it would not result in substantial delay, unduly prejudice the present Defendants, introduce complicated issues into an already complex case, join defendants

---

[2] The leader of Alibaba's Anti-Counterfeiting Special Task Force noted that "[a]fter we clean up online shops selling counterfeits, the counterfeiters usually change their identities and places of dispatch, using more covert means to continue selling online . . . . Most counterfeiting dens are hidden and well-organized." Supp. Baeza Decl. at ¶ 4 and Ex. 2.

on claims which could not withstand motions to dismiss or for summary judgment, or necessitate new discovery. *See Ocean Atlantic Woodland Corporation v. DRH Cambridge Homes, Inc., et al.*, No. 02-c-2523, 2003 WL 22848968 (N.D. Ill. Dec. 1, 2003).

### *Estée Lauder* Is Distinguishable and Contrary to the Majority Approach in This District

While many Courts in this District have found joinder proper in similar infringement cases, a minority of Courts in this District have taken a narrower approach, instead, defining "transaction, occurrence or series of transactions and occurrences" to require linking unique information between Seller Aliases (*e.g.,* email addresses, phone numbers, etc.). *See, e.g., Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 184 (N.D. Ill. 2020) (Chang, J.). This narrower approach requires that a plaintiff show that multiple e-commerce stores are operated by the *same* individual or entity, even though the information required to meet such a stringent requirement is typically not available prior to court ordered discovery, and even if it was, could easily be circumvented by defendants using false or different information.

Further, the decision in *Estee Lauder* relies on case law that is not applicable to the facts of this case. For example, *Estee Lauder* cites several cases, including *ThermaPure, Inc v. Temp-Air, Inc.,* 2010 WL 5419090 (N.D. Ill. Dec. 22, 2010) and *Slep-Tone Entm't Corp. v. Roberto,* 2013 WL 5748896 (N.D. Ill. Oct. 22, 2013)*,* for the proposition that multiple defendants, alleged to have infringed the same patent or trademark in a similar manner, did not sufficiently establish joinder. However, in *ThermaPure*, the Court found joinder of the identified, distinct defendants was not proper only after those defendants submitted declarations stating that they were not related to each other, and in fact, were marketing and selling different products. *ThermaPure*, 2010 WL 5419090, at *3-4. Similarly, in *Slep-Tone*, the defendants were identified as distinct entities and there was no

assertion that defendants were unknown nor working in a similar manner during the same time period as part of the same "occurrence" of mass harm, as is in this case and others where joinder has been permitted. *See Bose Corp.*, 334 F.R.D. at 516.

In addition, unlike in *ThermaPure* and *Estee Lauder,* the Defendants identified in the Schedule A are all selling the same products and infringing upon the same GOORIN BROS. Trademarks and GOORIN BROS. Copyrights to deceive consumers. *Compare* Goorin Decl., Ex. 2 (screenshot evidence from each defendant store) *with Estee* Lauder, 334 F.R.D. at 188 (noting that "not all of the Defendant use the same product images"); *ThermaPure*, 2010 WL 5419090, at *3 (stating plaintiff did not dispute that defendants marketed and sold different products).

Moreover, while the decision in *Estee Lauder* indicates that convenience and judicial economy is lost if the court must evaluate the evidence concerning the numerous defendants, that approach does not consider that most defendants in similar infringement cases either settle or are subject to a default judgment. *See Bose*, 334 F.R.D. at 518 (stating that permitting joinder was informed "practical considerations" since none of the Defendants would likely appear and that "the default judgment process [would] determine the case's outcome in its entirety.") In the case of default judgment, the allegations in the complaint are accepted as true, so the Court would not need to evaluate the evidence with respect to liability. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Further, when seeking a default judgment, Plaintiff is likely to seek a statutory damage award, so the Court would not need to undertake an analysis of the damages for each defendant. Thus, for the reasons discussed above, the convenience and judicial economy considerations support joinder of the Schedule A Defendants in this matter.

**Conclusion**

In sum, Plaintiff's well-pleaded allegations establish that joinder is proper: Defendants in this action are participating in the same unlawful occurrence or series of occurrences, operating from the same geographic area, using the same trademarks and copyrighted images and a common set of descriptions to sell the same Counterfeit Products on the Marketplace Platforms, and are subjecting Plaintiff to a "swarm of attacks" on its intellectual property. The same questions of law and fact will arise with regard to all the Defendants, and Defendants are likely to raise the same defenses. For the reasons set forth above, joinder of Defendants is proper and consistent with both the past decisions of courts in this District and the strongly encouraged policy of entertaining the broadest possible scope of action consistent with fairness to the parties.

Dated: November 29, 2023

By: */s/ Rossana Baeza*
Rossana Baeza (NDIL No. 1007668)
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
305 357 8436
rbaeza@bsfllp.com

Jon R. Neuleib
Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 612
Chicago, IL 60606
312 327 3370
jonN@eolawus.com

*Attorneys for Plaintiff GOORIN BROS, INC.*