Goorin Bros., Inc.

                                          Plaintiff,

v.

Case No.: 1:23−cv−05647

Honorable Jeffrey I Cummings

The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint

                                          Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 5, 2024:

      MINUTE entry before the Honorable Jeffrey I Cummings: The Court has reviewed the plaintiff's supplemental memorandum on joinder [27] and determines, within its discretion, that plaintiff has failed to satisfy its burden to show that joinder of over 200 defendants is proper in this matter under Fed.R.Civ.P. 20(a)(2). See Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 185 (N.D.Ill. 2020) (noting that "[plaintiff] bears the burden of demonstrating that joinder is proper"); H−D U.S.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A", No. 21−CV−01041, 2021 WL 780486, at *2 (N.D.Ill. Mar. 1, 2021) ("The Seventh Circuit has recognized the broad discretion that district courts have in remedying misjoinder, so long as the court's decision avoids unnecessary harm to the parties."). Beyond alleging that the over 200 defendants are infringing upon plaintiff's trademarks and copyrights which alone is insufficient to establish the property of joinder, see Estee Lauder, 334 F.R.D. at 187 plaintiff claims generally that joinder is proper because, inter alia, defendants' websites "share unique identifiers," "use the same descriptions," "go to great lengths to conceal their identities," and use "similar [search engine optimization] tactics." (Dckt. #27 at 8−9; see also Dckt. #14). But apart from providing one "exemplary image of defendants' listings of counterfeit products," and two examples of shared descriptions ("Animal Farm Baseball Cap" and "Goorin Bros. Truth Seeker Black Hat"), plaintiff cites only broadly to the declaration of Ben Goorin (providing similar conclusory allegations) and to the accompanying 2800 pages of screenshots from defendants' listings, without providing the Court with specific additional information from those listings that might in fact support joinder. Within its discretion, on this record, the Court finds that plaintiff has failed to meet its burden to show that joinder is proper here. See H−D U.S.A., 2021 WL 780486, at *3 (finding joinder improper where plaintiff failed to allege "any nonconclusory facts to form a basis for a conclusion that the defendants' conduct overlaps enough to warrant joinder"). Accordingly, plaintiff's motion for temporary restraining order [10] as to the 211 defendants listed on its initial Schedule A is denied without prejudice. Plaintiff's motion for leave to file under seal [9] is granted.

Plaintiff is granted leave to file an amended complaint with a smaller subset of defendants along with a memorandum explaining specifically why each defendant is properly joined to all of the others by 3/22/24. Mailed notice(cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.